Denio, J.,
delivered the opinion of the court.
The point principally litigated in this case was the alleged appointment of the plaintiff as the agent of the board of health. To render such an appointment valid, so as to entitle the plaintiff to compensation from the corporation, it must have been made mediately or immediately by the board of health; or, if not so made, there must have been a colorable appointment, and tench acts of acquiescence or ratification, on the part of the proper authorities of the city, as would amount to evidence of an appointment within the principles of law applicable to that subject.
*588 That the plaintiff assumed to act as the agent of the board of health, under the provisions of law authorizing such appointment, is not disputed; nor can it be questioned that he performed very responsible and important duties in that character. It was a question of fact for the determination of the referee, under all the evidence, whether the plaintiff sustained the character of agent either by a formal appointment, or upon the application of the principles of law to which I have referred. It was, moreover, a matter to be determined solely by the referee, subject to the supervisory powers of the court under whose appointment he acted. That court was authorized to review and set aside the report, on the ground of want of conformity with the evidence. The jurisdiction residing in this court to review it relates solely to questions of law arising upon facts found or admitted, and does not extend to disputed questions'of fact. This will be apparent from an examination of portions of the Code of Procedure. It is enacted, among other things, that referees, to whom the whole issue is referred, “must state the facts found and the conclusions of law separately;” and that their decision may be excepted to and reviewed in like manner as cases tried by the court (§ 272). In turning to the provisions regulating the review in that class of trials, we find the following rules: That “either party desiring a review upon the evidence appearing on the trial, either of the questions of fact or of law, may at any time within ten days after, notice of the judgment, or, &c., make a case or exceptions in like manner as upon a trial by jury, except that the judge in settling the case must briefly specify the facts found by him and his conclusions of law. But the questions, whether of fact or law, arising upon the trial, can only be reviewed in the manner prescribed by this section, the questions of law in every stage of the appeal, and the questions of fact upon appeal to the general term of the same court, as prescribed in section, three hundred and forty-eight.” (§ 268.) In the section *589 referred to (§ 348), it is declared that “ an appeal upon the law may he taken to the general term from a judgment entered upon the report of referees or the direction of a single judge of the same court, in all cases, and upon the fact where the trial is by the court or referees.” These provisions show very plainly that the review in regard to the determination of matters of fact is restricted to the general term. In the subsequent stages of the appeal, such as the hearing in this court, the questions of law only can be reviewed. But as questions of law can only arise upon ascertained facts, this court must know what the facts of the case are before it can proceed to apply the law. In the case of trials before referees, the facts found, which are to be stated separately from the conclusions of law, form the basis upon which the case is to be reviewed. The evidence is not before us, except so far as it may be necessary to explain the meaning of the finding, or may be referred to in such finding to avoid prolixity or repetition. It is one of the most important and not the least difficult or responsible of the duties of counsel to see that these statements of facts found, upon trials before the court or referees, are so prepared as to present the questions of law really in dispute. They sometimes come before us in the shape of portions of the evidence, in which the fact in dispute is not ascertained; but the duty of the judge or referee is left to be performed by this court. As the legislature has not committed to us the determination of disputed questions of fact in that class of cases, it would be an usurpation to assume such a jurisdiction. Where cases of this- class come before us with the facts unascertained, we are therefore obliged either to dismiss the appeal or affirm the judgment of the subordinate court, without attempting to solve the question presented to us, for the simple reason, that, being a question of fact upon the evidence, it was conclusively determined by the general judgment rendered by the court below. (See Sisson v. Barrett, 2 Comst., 406.) These remarks are *590 confined to cases tried by the court and by referees. There are many cases, such as appeals from orders made upon special proceedings, and from decrees of a surrogate, where we must necessarily look into the facts. What we mean at present to decide is, that where the Code has required the facts to be found upon the primary trial, and has limited the review as to such questions to the general term of the same court, the finding must settle the material facts before the case can be reviewed here.
We have seen that, in this case, the question in dispute between the parties was as to the appointment of the plaintiff as the agent of the board of health. The referee has found that “ the plaintiff was appointed such agent,” and that he performed with due diligence and skill the duties of such agency. What further is mentioned in the statement of facts is unimportant, except that which states the value of his services. For instance, it is mentioned that the plaintiff’s certificates were recognized as valid by the authorities of the hospital. This might have been important as a piece of evidence tending to show a ratification of an imperfect appointment, or as proof of an appointment not otherwise shown, if the officers at the hospital represented the corporation of the city; but when it is found that the plaintiff was appointed agent, which implies that he was chosen by the competent appointing authority, nothing which could be said respecting the evidence would seem to be material. In the conclusions of law, it is said that the provision of the act of 1849, respecting an appointment of an agent of the board of health, was mandatory and not permissive merely; and also that the corporation could not dispute the plaintiff’s claim to compensation after receiving his services. Whether these propositions are correct or erroneous is not material, so long as the fact is found that the plaintiff was appointed agent. If it had been intended to present the question, whether the resolution of the board of health and the action of the commissioners *591 of emigration proved on the tidal, taken together, amounted to a valid appointment of the plaintiff as agent of the first mentioned body, or whether these acts, in connection with the performance by the plaintiff of the services required of an agent of the board of health, he professing at the time to act in that character, and authenticating his certificates in the name of that office, would amount to sufficient evidence of his holding that appointment, these several matters of fact might have been distinctly found, with a statement that the referee held them sufficient; and that would have raised the questions which have been argued before us. But under a distinct finding as a matter of fact that he was appointed agent, no such question is presented. That finding warranted the general conclusion that the plaintiff was entitled to recover.
If we are correct in these views, the judgment ought to be affirmed.
Judgment accordingly.